## 9038

### CAMP v. ATLANTA & CHARLOTTE A. L. RY. CO.

#### (84 S. E. 825.)

MASTER AND SERVANT. FEDERAL EMPLOYER'S LIABILITY ACT. NEGLIGENCE. EVIDENCE. ISSUES FOR JURY.

1. EVIDENCE—PERSONAL INJURIES—COMPLAINTS OF PAIN.—Complaints of bodily pain after a personal injury may be proved.

2. NEGLIGENCE—ACTIONS—ISSUES—PROOF.—Where there is evidence to sustain any one of the several specifications of negligence in the complaint, the case is for the jury.

3. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—In an action by an employee for injuries by a timber falling on his foot while loading timbers in a car, evidence *held* to require submission of the issue of the employer's negligence to the jury.

4. MASTER AND SERVANT—INJURY TO SERVANT—EMPLOYERS' LIABILITY ACT.—A complaint in an action for injuries to a railroad employee, which alleges that the company's line extended from a point in the State to a point in a sister State, that the road was an interstate road and engaged in interstate commerce, that the employee was a bridge carpenter on the road and was working with a bridge force at the time of the accident complained of, states a cause of action, under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65. [U. S. Comp. St. 1913, secs 8657-8665]).

5. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION FOR JURY.— Where, in an action for injury to a railroad employee, the issue was

whether the work, at the time of the injury, was interstate or intrastate commerce, the Court must charge the law as to both, and leave it to the jury to determine whether the State or Federal law applies.

Before DeVore, J., Walhalla, November, 1912. Reversed.

Action by Thomas N. Camp against Atlanta and Charlotte Air Line Railway Company. From judgment for defendant, the plaintiff appeals.

*Mr. E. L. Herndon,* for appellant, cites: *As to evidence of suffering:* 67 S. C. 359; 8 Wall. 397. *Issue for jury:* 60 S. C. 9; 86 S. C. 306; 89 S. C. 36. *Duty to furnish safe place to employee:* 58 S. C. 361; 93 S. C. 396; 20 Enc. 55; 232 U. S. 94. *And safe appliances:* 72 S. C. 421. *Proper help:* 61 S. C. 480; 63 S. C. 575; 70 S. C. 325; 20 Ency. 91. *Assumption of risk no defense.* Const., art. 9, sec. 15; 86 S. C. 306; 116 U. S. 647; 191 U. S. 64; 194 U. S. 338; 75 S. C. 390. *Employer's Liability act:* 35 Stat. at L. 65; chap. 149 U. S. Compiled Statutes 1909, p. 1171; 229 U. S. 146; *Ib.* 156; 91 S. C. 440; 223 U. S. 1.

*Messrs. B. L. Abney* and *Carey & Carey,* for respondent, cite: *As to directed verdict, risks outside of employment:* 78 S. C. 413; 90 S. C. 42; 26 Cyc. 1221-1361; 99 N. E. 823; 12 L. R. A. (N. S.) 861; 63 Am. St. Rep. 153. *No negligence:* 39 S. C. 39; 66 S. C. 256; 69 S. C. 529; 61 S. C. 53; 78 S. C. 472. *Federal act not plead:* 158 U. S. 258; 224 U. S. 268; 78 Atl. 34; 108 Fed. Rep. 116; 223 U. S. 1; Doherty on Liability to Interstate Employees, p. 67; 1 Plead. & Pr. 569; 31 Cyc. 433; 30 L. R. A. (N. S.) 1096; 64 S. C. 491; 229 U. S. 156.

FOOTNOTE.—As to admissibility of expressions or statements of present pain made during sickness or subsequent to injury, see note in 24 L. R. A. (N. S.) 253.

March 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was brought by the plaintiff to recover damages for personal injury caused by a heavy piece of timber falling on his foot and crushing it. It seems that the plaintiff was "scratch foreman" on a trestle force engaged in repairing trestles. That before his force left Greenville, it was directed by the officer in charge of the force to load timbers in a car known as a gondola car. That the gondola car was a car with very high sides and it was necessary to raise the timbers up over the sides and then for those on the inside of the car to pull them into place and in lowering the timber to the bottom of the gondola, a piece or timber fell on the plaintiff's foot and crushed it.

At the close of all the evidence, the defendant moved for a nonsuit and also for the direction of a verdict. The trial Judge directed a verdict. The plaintiff asked to be allowed to amend his complaint and this was refused.

There are six exceptions, but they raise three questions:

1   The plaintiff complains of error in excluding the testimony of a witness that between the time of the accident and the trial, the plaintiff had complained of pain in his injured foot.

That exception that raises this question must be sustained. The case of *Gosa* v. *Ry. Co.,* 67 S. C. 34 and 359, 45 S. E. 810, is full authority for the admission of the testimony.

2, 3   The second question is: was there any evidence of negligence to go to the jury?

There were several specifications of negligence, but if there was any evidence to sustain one of them, the case should have been sent to the jury. The respondent's argument states: "The Circuit Judge directed a verdict in this case for the defendant on the ground that the plaintiff was

outside of the scope of his employment when injured, and there was no negligence."

The complaint alleged, plaintiff was instructed by defendant, its agents and servants, having authority to give such orders, to assist in loading the car. There was evidence to sustain the allegation. It is true that plaintiff alleged "that it was outside of the *regular duties* of this plaintiff," but there was evidence that the officer who gave the order was authorized to require any work outside of regular duties. There was evidence that while the gondola car was safer than a flat car in transportation of lumber, it was dangerous in loading. The injury was alleged to have been done in the loading. There was, therefore, some evidence of negligence and the case should have been sent to the jury.

The plaintiff offered to amend the complaint in order to bring the case within the Federal statute. The motion was refused, and this refusal is made the ground of exception. The amendment was unnecessary. The complaint alleged that the defendant's line of railroad extended from Charlotte, in the State of North Carolina, through the State of South Carolina, to Atlanta, in the State of Georgia, said railroad being an interstate road and engaged in interstate commerce, and plaintiff was employed as a bridge carpenter upon defendant's said line of railroad, and was working as such with bridge force No. 1, Charlotte Division, in the yard of defendant, at Greenville, South Carolina. There was full allegation of interstate employment and no allegation or proof of intrastate business. Besides this, if the allegation of the complaint that the plaintiff was engaged in work on a trestle used by a road in interstate commerce did not allege interstate business, still the answer specifically alleged the interstate employment, and then if it was a question of fact as to whether the commerce was interstate or intrastate, his Honor should have charged the law as to both and left it to the jury to say which law applied according as they found the facts.

The exception that raises this question can not be sustained.

The judgment is reversed and a new trial ordered.